IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELISSA ANNE ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11-CV-01034-BCW |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are Plaintiff Melissa Anne Roberts' brief seeking judicial review of a final decision of Defendant Commissioner of Social Security (Doc. #5), the Commissioner's brief in support of the Commissioner's decision (Doc. #11), and Roberts' reply brief (Doc. #12).

This matter involves the appeal of the Commissioner's final decision denying Roberts' application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* ("Act"). The Court may review the Commissioner's final decision pursuant to 42 U.S.C. § 1383(c)(3) and 42 U.S.C. § 405(g). The Court must determine whether the Commissioner's finding that Roberts was not disabled was "supported by substantial evidence on the record as a whole." Gragg v. Astrue, 615 F.3d 932, 938 (8th Cir. 2010) (citation omitted). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Id.

## BACKGROUND

Roberts filed an application seeking a period of disability and disability insurance benefits under Title II of the Act on January 28, 2009. Before her alleged disability onset date, Roberts worked as an administrative assistant, office manager, fundraising manager, and

1

assistant project manager. The application was initially denied and Roberts was granted a hearing. She appeared before Administrative Law Judge Linda Sybrant ("ALJ") on July 12, 2010 and again at a supplemental hearing on October 18, 2010. On January 27, 2011 the ALJ found Roberts was not disabled as defined under the Act.

The ALJ considered Roberts' impairments using the required five-step sequential evaluation process. 20 C.F.R. § 404.1505 (2012). At step one, the ALJ found Roberts had not engaged in substantial gainful activity since the alleged disability onset date of November 19, 2008. At step two, the ALJ found Roberts had the severe impairments of fibromyalgia, obesity, status post cervical fusion, and interstitial cystitis, and also non-severe impairments of vertigo and migraines. At step three, the ALJ found none of Roberts' impairments nor combination of impairments equaled a listed impairment. See 20 C.F.R. § 404.1520(d) (2012); 20 C.F.R. § 404.1525 (2011); 20 C.F.R. § 404.1526 (2011).

Before reaching step four, the ALJ was required to determine Roberts' residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e) (2012). Based on all record evidence, the ALJ determined Roberts had the RFC to perform light work, with the following limitations: lifting ten (10) pounds frequently and twenty (20) pounds occasionally; standing and walking six (6) hours out of an eight (8) hour work day; sitting without limitation; occasional stair (but not rope, ladder, nor scaffold) climbing; occasional kneeling, crouching and stooping, but no crawling; frequent balancing; occasional overhead reaching; avoiding work at heights; and avoiding concentrated exposure to extreme cold, wetness, or humidity. The ALJ also examined the evidence and testimony offered at the original and supplemental hearing and found Roberts' subjective complaints concerning the intensity, persistence, and limiting effects of her symptoms were not credible to the extent they were inconsistent with the RFC assessment.

2

Case 4:11-cv-01034-BCW   Document 15   Filed 09/28/12   Page 2 of 5

The ALJ then determined at step four Roberts was capable of performing past relevant work as an office manager/fundraiser, administrative assistant, fundraising manager, and assistant project manager/chief payroll clerk, based on the testimony of vocational experts that these jobs did not require the performance of work related activities that Roberts' RFC would preclude. 20 C.F.R. § 404.1565 (2012). The Appeals Council denied Roberts' request for review on September 15, 2011; thus, the ALJ's decision is the Commissioner's final decision.

Roberts argues the ALJ's decision should be reversed because it was not supported by substantial evidence on the record as a whole due to the ALJ's errors in failing to properly weigh two treating physicians' opinions and in failing to properly evaluate Roberts' credibility. Roberts' subjective complaints, on which the treating physicians' opinions were partially based, were discounted by the ALJ (Tr. at 14); thus, the Court's inquiry will be limited to the ALJ's determination of Roberts' credibility.

## ANALYSIS

Following full briefing by the parties, the Court heard oral argument at a hearing on August 16, 2012. Roberts appeared by counsel, and the Commissioner appeared by counsel. Based on the parties' arguments and a complete review of the administrative record, the Court reverses and remands the Commissioner's final decision for reconsideration.

The Court reviews the ALJ's factual findings for whether they are supported by substantial evidence on the record as a whole, and reviews de novo whether the ALJ's conclusions are based on legal error. Miles v. Barnhart, 374 F.3d 694, 698 (8th Cir. 2004). To properly assess a claim of disability, the Commissioner applies a five-step sequential evaluation process. 20 C.F.R. § 404.1505(a) (2012). Before step four, the ALJ must assess the claimant's RFC. 20 C.F.R. § 416.920(e) (2012). An RFC determination assesses an individual's ability to do work-related physical and mental activities on a regular basis. SSR 96-8p. The ALJ is

3

responsible to formulate the claimant's RFC based on all of the credible and relevant evidence of record, including medical records, observations of treating physicians and others, and the claimant's own description of his/her limitations. Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004) (citation omitted).

Credibility questions are the province of the ALJ, not the Court. Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001). "If an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, [the Court] will normally defer to that judgment." Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008) (citation omitted). In determining a claimant's credibility, the ALJ must give full consideration to all evidence of record, including prior work record and observations made by treating and examining medical sources. 20 C.F.R. § 404.1529(c) (2012). The ALJ should not only consider the objective medical record, but also the following: (1) claimant's daily activities; (2) duration, frequency, and intensity of pain; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication claimant receives or has received for relief of pain or other symptoms; (6) any other measures other than treatment claimant has used to relieve pain or symptoms; and (7) any other factors concerning claimant's functional restrictions due to pain. 20 C.F.R. § 404.1529(c) (2012); See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ must make express credibility determinations and set forth the inconsistencies in the record causing him/her to discount the claimant's subjective complaints, though the ALJ need not mention each factor specifically. Eichelberger, 390 F.3d at 590 (citation omitted).

Here, the ALJ found Roberts not credible to the extent her subjective complaints were inconsistent with the RFC assessment. (Tr. at 12). This conclusion is apparently based on Roberts' short work history and the finding "she may not be highly motivated to seek employment." (Tr. at 14.) These are the only express credibility findings noted by the ALJ.

4

As the Commissioner concedes, the record does not support a finding that Roberts was not highly motivated to work, due to the fact that she has posted earnings every year since she turned eighteen-years-old. The ALJ seems to have misconstrued Roberts' thirteen (13) year work history by not considering it in conjunction with Roberts' relatively young age. While work history may properly be considered in formulating a credibility determination, a proper inference should follow based on the record. Woolf v. Shalala, 3 F.3d 1210, 1214 (8th Cir. 1993) (finding a poor work history may detract from credibility); Harris v. Sec'y of Dep't of Health & Human Servs., 959 F.2d 723, 726 (8th Cir. 1992) (finding a solid work record may enhance credibility). Though the ALJ was not required to discuss each Polaski factor considered in finding Roberts not credible, the Court cannot find the Commissioner's finding is based on good reason because the only express credibility finding is factually inaccurate. For this reason, the Court finds the Commissioner's decision is not based upon substantial evidence on the record as a whole. The Court remands this matter because credibility findings are the province of the ALJ.

The Commissioner's decision is reversed and the case is remanded for reconsideration. The Commissioner shall re-evaluate Roberts' claim, giving particular care to discussion of Roberts' credibility.

## CONCLUSION

IT IS HEREBY ORDERED, pursuant to sentence four (4) of 42 U.S.C. § 405(g), this matter is reversed and remanded to the Commissioner for further proceedings consistent with this Order.

IT IS SO ORDERED.

DATED: September 28, 2012          /s/ Brian C. Wimes
                                               JUDGE BRIAN C. WIMES
                                               UNITED STATES DISTRICT COURT